IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **PRENTIS BOLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-990-CV-W-GAF |
| | ) | |
| **UNION PACIFIC RAILROAD CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Presently before the Court is Defendant Union Pacific Railroad Co. ("Union Pacific")'s second motion to dismiss (Doc. 14). Plaintiff, prosecuting this action on his own behalf, has filed a complaint with this Court alleging that Union Pacific discriminated against him based upon his race. Union Pacific contends that this action must be dismissed under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff failed to properly serve process on Union Pacific by some method prescribed in Rule 4. For the following reasons, Union Pacific's motion to dismiss is GRANTED.

The Plaintiff filed his complaint on November 1, 2004. Pursuant to the Rule 4(m), service was due on or before March 1, 2005. After receiving a summons but no complaint on January 3, 2005, Union Pacific moved for the first time to dismiss the action pursuant to Rule 12(b)(5) or alternatively, to have the Court quash service and retain the case pending effective service. This Court denied the motion to dismiss, but quashed service and directed the Plaintiff to effect service within fifteen days of the entry of that order. (Doc. 10).

1

In response to that directive, Plaintiff filed a motion with the Court that was styled "Motion for Waiver of Service" and was purportedly made pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, which sets forth the procedure for obtaining waiver of service. (Doc. 11). Union Pacific filed an opposition arguing that the Plaintiff neither complied with the directive from the Court nor Federal Rules. This second motion to dismiss was filed on June 21, 2005. After the Plaintiff failed to respond, this Court issued an order to show cause why the motion should not be granted on July 7, 2005. Plaintiff filed his response (Doc. 17) wherein he provides no legal justification for failing to abide by the Federal Rules of Civil Procedure or this Court's order of April 8, 2005 directing him to effect proper service upon Union Pacific or to obtain waiver of service.

In situation such as this, where service upon a defendant is ineffective, a district court has discretion to dismiss the action or retain the case but quash the service that has been made on the defendant. Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976). Nevertheless, the Court does not have jurisdiction over Union Pacific until it is either properly served or has waived service. *See* McCurdy v. American Board of Plastic Surgery, 157 F.3d 191, 195-96 (3d Cir. 1998).

While this Court denied Union Pacific's initial motion to dismiss, finding that dismissal without prejudice would only delay a meaningful determination of the case on the merits, the Plaintiff's second chance to obtain service or waiver has resulted in a significant waste of time and resources. Accordingly, Union Pacific's motion to dismiss is GRANTED. As such, Plaintiff's cause of action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner

GARY A. FENNER, JUDGE
United States District Court

DATED: **August 11, 2005**